UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL P. CHIASSON | CIVIL ACTION |
| VERSUS | NO. 11-0959 |
| HEXION SPECIALTY CHEMICALS, INC. n/k/a MOMENTIVE SPECIALTY CHEMICALS, INC. and MOMENTIVE SPECIALTY CHEMICALS, INC. | SECTION: "G"(3) |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Appeal/Review of Magistrate Judge Decision ("Motion for Review").[1] Therein, Defendant seeks review of Magistrate Judge Daniel E. Knowles's decision to grant Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion for Leave"),[2] which order was made from the bench following oral argument on the Motion for Leave.[3] Having considered the Motion for Review, the opposition, the recording of oral argument, Magistrate Judge Knowles's reasons stated on the record, the full record, and the applicable law, for the following reasons, the Court will deny the Motion for Review and will affirm Magistrate Judge Knowles's ruling on the Motion for Leave.

## I. Background

### A. *Factual Background*

This diversity action is a personal injury case, involving injury to Samuel P. Chiasson

---

[1] Rec. Doc. 60.

[2] Rec. Doc. 43.

[3] Rec. Doc. 54.

1

("Plaintiff") while working at the chemical plant of Defendant, Hexion Specialty Chemicals, Inc., now known as Momentive Specialty Chemicals, Inc. ("Momentive" or "Defendant"), in Norco, Louisiana.[4] At the time of the alleged incident, Plaintiff was employed as a welder by Turner Industries Group, LLC, which had entered into a maintenance contract with Momentive. On April 22, 2010, Plaintiff was assigned to cut a door into the side of a chemical storage tank so that the tank could be cleaned. Plaintiff was swept under a scaffold and buried in the chemical waste product, resulting in injuries.

Plaintiff has alleged that Defendant did not discuss with Plaintiff, nor did Defendant follow, the plan or procedure previously developed and utilized by Defendant for this type of operation. In Plaintiff's original complaint, he set forth a cause of action solely for negligence. However, by his amended complaint, Plaintiff has alleged an intentional tort in Defendant's failure to ensure that Plaintiff complied with the protocol for cleaning the tank.

## B. *Procedural Background*

Plaintiff filed his original complaint in this matter, asserting only a cause of action for negligence, on April 21, 2011,[5] which complaint he then amended the next day to include a jury demand.[6] Defendant filed its Amended Answer to Plaintiff's First Amended Complaint on June 10, 2011.[7] The case was initially assigned to Section "N", Judge Kurt D. Engelhardt, but was reassigned

---

[4] On October 1, 2010, Hexion Specialty Chemicals, Inc. ("Hexion") changed its name to Momentive. For clarity, the parties refer to the defendant as "Momentive" rather than "Hexion" throughout their filings.

[5] Rec. Doc. 1.

[6] Rec. Doc. 3.

[7] Rec. Doc. 10.

2

to Section "G" of this Court on October 7, 2011.[8]

On December 9, 2011, Defendant filed a Motion for Summary Judgment,[9] which sought to dismiss Plaintiff's claims on the basis that Louisiana law precludes Plaintiff's negligence claims in that the Louisiana Workers' Compensation Act provides that workers' compensation is the exclusive remedy under the statutory employer doctrine, unless injury was intentional.[10]

Under the governing Scheduling Order in this case, the deadline for amendment of pleadings was March 1, 2012.[11] However, on March 27, 2012, Plaintiff filed his Motion for Leave,[12] which was set for submission before Magistrate Judge Knowles. On April 4, 2012, Defendant filed its opposition.[13] Following leave of court, Plaintiff then filed his reply on April 9, 2012[14] and Defendant filed its surreply on April 11, 2012.[15] Oral argument was held before Magistrate Judge Knowles on April 11, 2012, and the motion was granted from the bench.[16] Plaintiff's Second Amended Complaint, which added the intentional tort claim, was filed into the record that same day.[17]

---

[8] Rec. Doc. 25.

[9] Rec. Doc. 28.

[10] Rec. Doc. 28-1 at pp. 6-7 (citing La. R.S. § 1061).

[11] Rec. Doc. 40.

[12] Rec. Doc. 43.

[13] Rec. Doc. 46.

[14] Rec. Doc. 50.

[15] Rec. Doc. 53.

[16] Rec. Doc. 54.

[17] Rec. Doc. 55.

Defendant filed its answer to the Second Amended Complaint on April 19, 2012.[18] Defendant has since filed a second Motion for Summary Judgment,[19] which attacks the intentional tort claim added by Plaintiff's Second Amended Complaint.

On April 25, 2012, Defendant filed the pending motion, seeking review of Magistrate Judge Knowles's decision on the Motion for Leave. Plaintiff filed his response in opposition on May 15, 2012.[20]

## II. Law and Analysis

### A. *Standard of Review*

In the resolution of non-dispositive disputes, a magistrate judge is afforded broad discretion.[21] If a party objects to the magistrate judge's ruling on a non-dispositive issue, the district court is to consider the party's objections and "shall modify or set aside any part of the order that is clearly erroneous or is contrary to law."[22] The district court should not undertake a de novo review of the magistrate judge's decision,[23] and should affirm the decision of the magistrate judge unless the court "is left with a definite and firm conviction that a mistake has been committed."[24]

---

[18] Rec. Doc. 56.

[19] Rec. Doc. 58.

[20] Rec. Doc. 66.

[21] *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

[22] Fed. R. Civ. P. 72(a).

[23] *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).

[24] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## B. *Amendment of Pleadings*

Amendment of pleadings is generally governed by Federal Rule of Civil Procedure 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." However, once a scheduling order has been entered, it is instead Federal Rule of Civil Procedure 16(b) that governs.[25] The Rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."[26] Four factors are relevant to a determination of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[27]

## C. *Analysis*

In ruling on the Motion for Leave, Magistrate Judge Knowles determined that the requirements of the "good cause" test had been met. According to the reasons stated on the record, he made this determination based upon: (1) Plaintiff's explanation that he was unable timely to amend because he was unable to depose Defendant's 30(b)(6) representative prior to the deadline; (2) the importance of the amendment in providing Plaintiff with a cause of action excepted from the workers' compensation rule, given that Plaintiff's case likely would not survive summary judgment without the intentional tort claim; (3) the lack of prejudice to Defendant given that the discovery

---

[25] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

[26] Fed. R. Civ. P. 16(b).

[27] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).

5

deadlines and the trial date were several months away; and (4) the fact that allowing Plaintiff to amend his complaint would not necessitate a continuance given the September 17, 2012 trial date.

Defendant argues that Plaintiff's explanation for the failure to timely amend does not support a finding of good cause because (1) Plaintiff was long aware of Defendant's statutory employer defense and earlier could have sought leave to amend and (2) because Plaintiff could have sought an extension to the deadline in advance once it was clear that the corporate representative would be deposed after the deadline to amend had passed. Additionally, Defendant argues that this amendment greatly prejudiced the Defendant by allowing Plaintiff to add a claim that might survive the statutory employer defense asserted in Defendant's original motion for summary judgment. The importance of the amendment is uncontested, as is the fact that amendment would not necessitate continuance.

Although the Court finds that Defendant has presented colorable arguments that the good cause standard has not been met, the Court cannot and will not undertake de novo review of the Motion for Leave. The standard here is one of clear error, and the Court is not "left with a definite and firm conviction"[28] that Magistrate Judge Knowles was wrong to conclude that good cause existed here. Therefore, finding no clear error in Magistrate Judge Knowles's decision, the Court must affirm.

### III. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Appeal/Review of Magistrate

---

[28] *Gypsum Co.*, 333 U.S. at 395.

6

Judge Decision[29] is **DENIED** and that Magistrate Judge Knowles's Order,[30] which granted Plaintiff's Motion for Leave to File Second Amended Complaint, is **AFFIRMED**.

**NEW ORLEANS, LOUISIANA**, this  24th day of May, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[29] Rec. Doc. 60.

[30] Rec. Doc. 54.